[Civ. No. 10147. Second Appellate District, Division Two.—March 18, 1935.]

LEE L. LANCASTER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

J. Vincent Wood for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

SCOTT, J., *pro tem.*—*Certiorari* to review order of respondent Commission denying compensation to petitioner. The latter, a thick-set, vigorous ex-prizefighter, was employed as gardener for respondents Dabney. While planting a heavy tree he experienced pain, and later reported to a physician, who determined that he suffered from coronary

occlusion, a condition of the heart. The Commission concluded that the evidence did not establish that petitioner sustained injury arising out of and occurring in the course of said employment. There was competent medical evidence that "the work that the applicant was doing was not an exciting factor in precipitating or aggravating the coronary occlusion", and one physician declared: "I believe that this man had been slowly developing the pathology of coronary sclerosis for a number of years. The resulting coronary occlusion might as readily have occurred at any other time."

Where there is substantial conflict in the evidence in such a case as this the determination of the Commission is final. (*Murray* v. *Industrial Acc. Com.*, 216 Cal. 340 [14 Pac. (2d) 301].) We cannot substitute our own opinion, whether or not it is in accord with the Commission's finding.

The evidence would warrant a conclusion that petitioner had chronic heart trouble which had reached a stage where disability might ensue at any time from any exertion, and the disabling condition arose while he was doing work of his employment which, although it was heavy and a strain, would not of necessity be characterized as extraordinary or unusual. Under such circumstances compensation is properly denied. (*McNamara* v. *Industrial Acc. Com.*, 130 Cal. App. 284 [20 Pac. (2d) 53].)

Order affirmed.

Stephens, P. J., and Crail, J., concurred.